# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSEPH MOLANDER** § | | |
| *Plaintiff* § | | |
| § | **Civil Actions No.** _____ | |
| **vs.** § | | |
| § | **JURY DEMANDED** | |
| **McMoRAN EXPLORATION CO. and** § | | |
| **GULF CRANE SERVICES** § | | |
| *Defendants* § | | |

## DEFENDANT MCMORAN EXPLORATION CO.'S NOTICE OF REMOVAL

Defendant McMoran Exploration Co., LP ("McMoran") files its Notice of Removal pursuant to 28 U.S.C. §1446(a) and would show the following.

### I.

### *Plaintiff's County Court Lawsuit Should be Removed*

1. Plaintiff's suit should be removed because it involves a federal question under the Outer Continental Land Shelf Act ("OCSLA") and it involves a suit among citizens of different states.

2. Joseph Molander ("Molander"), an Oklahoma citizen, filed his lawsuit in Galveston County Court at Law No. 1 under Cause No. CV_0067931 against McMoran a Louisiana Company, Gulf Crane Services a Louisiana Company ("Gulf Crane"), Seatrax, Inc. a Texas Company ("Seatrax") and Sparrows Offshore, LLC a Texas Company ("Sparrows") ("County Court Case"). McMoran is the only Defendant that has been served and filed an answer.

2. Removal of this action is brought within 30 days after service of notice on the first served defendant and is timely filed under 28 U.S.C. §1446(b). Therefore, given the federal question claim under the OCSLA and the fact that the parties are citizens of different states, McMoran

respectfully requests the Court to remove Plaintiff's case filed in the Galveston County to the United States District Court for the Southern District of Texas.

## II.

### *Plaintiff's Claims Arise Under the OSCLA against Citizens from Different States*

**A.** **Plaintiff Was Injured While Working on a Drilling Platform in the Outer Continental Shelf.**

4. On June 8, 2012[1], Plaintiff Molander alleges that while performing work on the High Island 561 Platform in the Outer Continental Shelf of the Gulf Of Mexico ("Platform") he was allegedly injured when the crane operator, allegedly operated by Seatrax or Sparrows, failed to properly operate the crane causing a load to fall into Molander. *See Plaintiff's First Amended Petition attached as Exhibit B to this Removal.*

5. On September 4, 2012, Molander filed Plaintiff's First Amended Petition against McMoran, Gulf Crane, Seatrax and Sparrows (collectively "Defendants") seeking to recover for his alleged injuries he sustained on June 8, 2011 under theories of negligence and gross negligence claims against the Defendants for allegedly:

    a.    Failing to train employees;
    b.    Failing to inspect, maintain and repair equipment;
    c.    Failing to maintain a safe work environment; failing to provide appropriate medical attention;
    d.    Failing to warn Plaintiff of dangers hidden aboard the High Island 561;
    e.    Gulf Crane Services, Sparrows and/or Seatrax are vicariously liable for its employee's negligent operation of the crane;
    f.    Seatrax and/or Sparrows are liable of their employees' rushing the job, which caused an unsafe environment; and
    g.    McMoran is vicariously liable of their employees' rushing the job, which caused an unsafe environment; and
    h.    Other acts deemed negligent and grossly negligent.

*See Exhibit B.*

---

[1] Plaintiff's First Amended Petition date of June 8, 2011 is an error. Plaintiff was allegedly injured on June 8, 2012.

6. On August 17, 2012, McMoran the only Defendant served in this County Court Case, was served with Plaintiff's Original Petition. *See the attached Case Summary for the County Court Case attached as Exhibit A.*

B. **The Parties are Citizens of Different States and the Amount in Controversy Exceeds $75,000.**

7. Plaintiff is a citizen of Oklahoma. *See Exhibit B ¶4.*

8. McMoran is citizen of Louisiana engaged in the exploration, development and production of natural gas and oil in the Outer Continental Shelf in the Gulf of Mexico with its principal place of business located at 1615 Poydras St. New Orleans, Louisiana 70112.

9. Gulf Crane is also citizen of Louisiana. *See Exhibit B ¶6.* Gulf Crane has not been served. *See Exhibit A.*

10. Seatrax and Sparrows are citizens of Texas. *See Exhibit B ¶¶ 7 and 8.* Seatrax and Sparrows have not been served. *See Exhibit A.*

### III.

### *Removal is Proper Under the OSCLA*

11. Molander's employment and the crane operators employment on the Platform furthered the mineral development on the OCS and Molander's injuries would not have occurred but for his employment and the Crane operator's employment on the Platform. *See Hughes v. Laborde Marine Lifts, Inc.*, No. 06–9133, 2007 U.S. Dist. LEXIS 80758 at *6 (E.D.La. Oct. 22, 2007) (citing Hufnagel, 182 F.3d at 350)).

12. If Molander and/or the crane operator had not been performing their duties on the Platform on September June 8, 2011, 2008, Molander would not have suffered his alleged injuries made the basis of this lawsuit.

13. Although, Plaintiff has not specifically pled causes of action under OCSLA, the OCSLA nevertheless applies because his claims meet the statutory requirements of location and relationship to mineral production. *See Case v. Omega Natchiq, Inc.*, No. H–09–0835, 2008 U.S. Dist. LEXIS 52931 at *4 (S.D.Tex. July 10, 2008). Thus, the OCSLA applies and Plaintiff's County Court Case should be removed.

## IV.

### *Removal is Further Proper for Purposes of Diversity*

14. Removal is proper on diversity grounds under 28 U.S.C. § 1332. The parties are citizens of different states. Although Plaintiff's First Amended Original Petition does not expressly allege an amount in controversy, it is factually apparent that the amount in controversy exceeds $75,000.00. Where a plaintiff seeks damages for medical expenses, physical pain and suffering, mental anguish and suffering, lost of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement, such allegations support a monetary basis sufficient to confer removal jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d. 880, 883 (5th Cir. 2000).

3. Molander is the only Defendant that has been served and answered and does consent to the removal of this case to Federal Court. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995); see 28 U.S.C. § 1446(A).

4. Attached here as Exhibit A, per local rule, is an index of the pleadings filed in the State Court.

5. Attached here as Exhibit A, B and C, per 28 U.S.C. §1446(a), are copies of all pleadings, process, orders, and other filings in the Texas County Court action.

6. Venue is proper in this Court under 28 U.S.C. §1441(a) because the County Court where the action has been pending is located in Galveston.

7.   The Defendant will promptly file a copy of this notice of removal with the Clerk In the County Civil Court at Law No. 1 in Galveston County, Texas, where this action was initially filed and where it has been pending.

8.   Defendant specifically demanded a jury trial in the state court and paid the required fee, and renews its demand for a trial by jury here.

9.   For these reasons stated, Defendant, McMoran asks the Court to remove this action to the United States District Court for the Southern District of Texas, Houston Division on this 14th day of September, 2012.

Respectfully submitted,

By: /s/ Timothy J. Casper
Timothy J. Casper
State Bar No. 00786925
Federal Bar No. 32943
Handlin & Associates
2777 Allen Parkway, Suite 370
Houston, Texas 77019
(713) 831-4800
(713) 831-4848 Fax
**ATTORNEY IN CHARGE FOR**
**McMoran Exploration Co.**

**OF COUNSEL:**
**HANDLIN & ASSOCIATES**
2777 Allen Parkway, Suite #370
Houston, Texas 77019
(713) 831-4800
(713) 831-4848 Fax

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the foregoing **Defendant's Notice Of Removal** was served on the following counsel of record by electronic filing, certified U.S. mail, return receipt requested, and also by fax on this 14th day of September, 2012.

| | |
|---|---|
| Kurt B. Arnold | *via* fax: 713-222-3850 |
| M. Paul Skrabanek | |
| ARNOLD & ITKIN LLP | |
| 1401 McKinney Street, Suite 2550 | |
| Houston, Texas 77010 | |

/s/ Timothy J. Casper
Timothy J. Casper